# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| TERRANCE J. SHAW,<br><br>      Plaintiff,<br><br>v.<br><br>KEVIN CARR, ROBERT KRUEGER, JASON LINGAFELT, MICHELE OBUCINA, JIMMY CRUZ, WILLIAM LANGE, KEITH SPRINGSTUBE, KEITH CHRISTENSEN SCOTT GUDAL, JUSTIN SCHULLER, and CHRISTIAN STOIBER,<br><br>      Defendants. | Case No. 20-CV-431-JPS<br><br>**ORDER** |

    Plaintiff Terrance J. Shaw ("Plaintiff"), a former inmate, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his federal rights. ECF No. 1. On March 30, 2021, the Court screened the complaint and allowed Plaintiff to proceed on the following two claims: (1) deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment, against Defendants Krueger, Lingafelt, Obucina, Cruz, Lange, Springstube, Christensen, Gudal, Schuller, and Stoiber for repeatedly taking a wheelchair away from Plaintiff; and (2) a Rehabilitation Act claim against Defendant Kevin Carr, the DOC Secretary, in his official capacity. ECF No. 19 at 13.

    On August 8, 2022, the Court entered a scheduling order with a January 23, 2023 deadline for dispositive motions and specific instructions regarding the Court's summary judgment procedures. ECF No. 35. The scheduling order required that for summary judgment motions, the parties

must meet and confer at least 30 days prior to filing the motion and create a single, agreed-upon statement of facts. *Id.* at 3. In line with this District's Local Rules, the scheduling order permitted the parties to submit a separate set of itemized, disputed facts with pinpoint citations to the record in addition to their statement of stipulated facts. *Id.*; *see also* Civ. L.R. 56(b)(1)(C). Also in line with the Local Rules, the Court's scheduling order informed the parties that, "[i]f a party disagrees whether a statement is material or disputed, it must take care to explain to the Court why its position is correct." ECF No. 34 at 3; *see also* Civ. L.R. 56(c)(2)(B). The Court further explained that "[i]f the parties cannot agree upon a set of facts, or if any of the disputed facts are material, then summary judgment is not appropriate." ECF No. 34 (citing Fed. R. Civ. P. 56(a)). On January 18, 2023, the Court extended the deadline to file summary judgment motions until February 28, 2023. ECF No. 38.

On February 28, 2023, Defendants filed a motion for summary judgment. ECF No. 40. Plaintiff did not file any opposition. Instead, Plaintiff filed his own motion for summary judgment on March 2, 2023. EFF No. 45. Defendants filed a brief in opposition on March 30, 2023, ECF No. 46, and Plaintiff filed a reply on April 11, 2023, ECF No. 47. For the reasons explained below, the Court will deny both pending summary judgment motions for the parties' failure to comply with the Court's summary judgment protocols.

The Court took great care when creating its summary judgment procedures in order to ensure that precious judicial resources are preserved. Every litigant is certainly entitled to his or her day in court; they are not entitled, however, to disregard Court orders and to take an unfair share of judicial resources. In this instance, the parties have failed to comply

with the Court's summary judgment requirements regarding factual submissions and instead seek the Court to do the work for them. The Court declines to do so; summary judgment will therefore be denied for both parties' failure to comply with the Court's summary judgment protocols.

The Court will briefly address the summary judgment filings and their deficiencies. First, Defendants' summary judgment materials fail to comply with the requirement to certify in writing that the parties met and conferred prior to filing a dispositive motion. *See* ECF No. 35 at 2 ("The parties must certify in writing that they met and conferred prior to filing a dispositive motion."). Defendants submitted only two undisputed facts in support of their motion: (1) that Plaintiff is no longer in custody; and (2) that Defendants were Department of Corrections employees during the relevant time periods. *See* ECF No. 43. Defendants also submitted a statement of disputed facts, again including only two facts. ECF No. 42.

In turn, Plaintiff's motion for summary judgment includes a long list of what appears to be unnumbered statements of fact. *See* ECF No. 45. Plaintiff's facts do not cite to any pinpoint citations for support in the record. *See id.* Plaintiff argues in his motion that he never received a response from defense counsel to these proposed facts and that, therefore, they should be deemed undisputed. *Id.* at 9. Defendants maintain that they never even received Plaintiff's facts. ECF No. 46 at 1. It is therefore unclear what actually happened to Plaintiff's proposed facts—if he sent them at all; if he sent them to the correct address; or, if he did send them to the correct address, then why Defendants never received his proposed facts. The Court is therefore unable to determine at this juncture the factual record before it in order to properly address the pending summary judgment motions.

In light of the foregoing, the Court will deny both parties' current motions for summary judgment without prejudice as noncompliant with the Court's summary judgment protocols. Should either party wish to file a renewed motion for summary judgment, they must move for leave to do so, attaching thereto a proposed motion for, and brief in support of, summary judgment. The parties remain obligated to comply with the Court's summary judgment protocols, including the meet-and-confer requirement, as set forth in its scheduling order, ECF No. 35. If no dispositive motions are filed on or before **June 20, 2023**, the Court will enter a trial scheduling order.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment, ECF No. 40, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment, ECF No. 45, be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that the Court will enter a trial scheduling order if no party moves to file a dispositive motion on or before **June 20, 2023**.

Dated at Milwaukee, Wisconsin, this 21st day of April, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge